THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO TORRES ORTIZ, Defendant and Appellant.

No. CR-63-208.     Decided January 27, 1964.

*Andrés A. Rivera Negrón* and *Antonio Aponte Berdecía* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: This case having been called for hearing before the trial court, the following incident took place as it appears from the transcript of the evidence approved by the presiding judge:

"Marshal:

Francisco Torres Ortiz. (Present)

Mr. Rivera:
    Not guilty.
Hon. Judge:
    *The jury must be waived* and defendant arraigned.
Mr. Rivera:
    We waive the jury.
Hon. Judge:
    Granted. Read the information." (Italics ours.)

Although in *People* v. *Figueroa*, 77 P.R.R. 175 (1954), we said that the constitutional right to trial by jury may be waived and that, under the legislation then in force,[1] there was no provision requiring the defendant to waive personally such right and, therefore, that it could be waived through his defense attorney, it is no less true that, as we stated in *People* v. *Díaz*, 87 P.R.R. 656 (1963), "the waiver of such right should be made by defendant spontaneously or voluntarily." In this case the waiver was *ordered* by the presiding judge. It cannot be validly sustained. We do not overlook the possibility that the dialogue copied above could have been the result of some conversation out of the record, but since the transcript is devoid of any explanation and it is approved by the trial judge we cannot uphold the conviction.

The judgment rendered by the Superior Court, Guayama Part, on March 20, 1962 will be reversed and a new trial granted.

---

[1] Rule 111 of the Rules of Criminal Procedure of 1963 requires that the defendant waive "expressly and *personally*" the right to trial by jury.